**HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN P.C.**
By: James W. Johnson (JJ4811)
Willow Ridge Executive Office Park
750 Route 73 South, Suite 202B
Marlton, NJ 08053
(856) 810-8860
jjohnson@hollsteinkeating.com
**ATTORNEYS FOR**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF | Camden Vicinage |
| TIDERUNNER MARINE INC. | Civ. |
| AS OWNER OF THE M/V CAPE HATTERAS | |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiff Tiderunner Marine Inc., (hereinafter "Tiderunner"), as titled owner of the M/V CAPE HATTERAS (hereinafter "CAPE HATTERAS") brings this Complaint, by and through its attorneys Hollstein Keating Cattell Johnson & Goldstein, PC, for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501, *et seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, and states as follows:

1. This matter is within the admiralty and maritime jurisdiction of this Court, as the action arises under the laws of the United States and is a claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and of the special matters of the supplemental rules relating to admiralty actions, specifically those laws defining a vessel owner's right to limitation and/or exoneration pursuant to 46 U.S.C. § 30501, *et seq.* and

various statutes, rules and regulations relating thereto.

2. At all times relevant hereto, Tiderunner was and is a corporation with its principle place of business being Tiderunner Marine Inc., 3201 Bayshore Ave, Brigantine, NJ 08203 in the State of New Jersey.

3. At all times relevant hereto, Tiderunner was the owner of the CAPE HATTERAS and the CAPE HATTERAS was operated on the navigable waters of the United States of America, and the CAPE HATTERAS was tight, staunch, strong, and seaworthy in all respects at all material times hereto.

4. The wreck of the CAPE HATTERAS is presently within the jurisdiction of this Honorable Court.

5. Venue lies within this district under the provisions of Supplemental Admiralty Rule F(9).

6. At all times material hereto. Tiderunner used due diligence to ensure that the CAPE HATTERAS was tight, staunch, strong, properly equipped and supplied, all in good order and condition and suitable for use, and at all times exercised due diligence to make the said vessel in all respects seaworthy and properly equipped, sufficiently fitted and in all respects seaworthy and fit for safe operation.

7. On or about April 23, 2013, the vessel CAPE HATTERAS, with Captain David McAuliffe in command, departed Atlantic City on a voyage to C Jam Marina in Somers Point, NJ for inspection by the U.S. Coast Guard. . On that date, during the vessel's transit through the Great Egg Inlet, a casualty occurred resulting in the loss of Captain McAuliffe and resulting in the sinking of the CAPE HATTERAS in the Great Egg Inlet, just north of Ocean City, N.J. At that time, the CAPE HATTERAS was under

the sole command and control of Captain McAuliffe. In addition, as a result of this accident, the CAPE HATTERAS was sunk and damaged, ultimately removed from the ocean bottom and declared a constructive total loss.

8. There was no freight pending on this voyage of the CAPE HATTERAS.

9. The above described incident, and any losses, damages, or injuries resulting therefrom, were neither caused nor contributed to by any fault, negligence, or lack of care on the part of Plaintiff or any design defect known to Plaintiff, or anyone for whom Plaintiff may be responsible, but instead, was caused by the perils of the sea, and/or other parties. The losses, damages and/or injuries described above occurred entirely without the privity or knowledge of Tiderunner, or any of its agents, employees and/or assigns

10. This Complaint is filed prior to the expiration of the statutory time period and within six (6) months of the date of first written notice of a possible claim.

11. Tiderunner does not presently know the total amount of the claims that have been or may be made for the losses and damages sustained.

12. Tiderunner herein claims Exoneration from Liability for any and all losses, damages, and injuries occasioned by the incident described herein, as provided in 46 U.S.C. §§ 30501 *et seq.*

13. If, however, Tiderunner is judged liable, it alternatively claims the benefit of Limitation of Liability, as provided in 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff Tiderunner makes Application for and Prays that:

      A.     This Honorable Court issue an Order accepting Tiderunner's Ad Interim Stipulation ;

      B.     This Honorable Court issue an Order enjoining all pending and future claims against the CAPE HATTERAS and Tiderunner for any and all claims arising out of the accident which occurred on or about April 23, 2013, or arising out of the voyage of April 23, 2013 or otherwise asserting any claim with respect to the CAPE HATTERAS for which Tiderunner seeks exoneration from or limitation of liability herein, and further issue a Monition admonishing them to appear and file their respective claims with the Clerk of this Court, to serve on or mail copies thereof to the attorneys for Tiderunner herein and named on or before the date to be specified in the Order, and to make due proof of their respective claims and further to file their respective answers, if any, to the allegations of this Complaint on or before the date specified in the Monition, all as provided by law and by the Federal Rules of Civil Procedure;

      C.     That notice of the Order, in the form and manner prescribed by Supplemental Rule F(4), be published in such newspaper as the Court may direct or as specified by local rules once a week for at least four (4) successive weeks before the dates specified in the Monition for filing claims herein;

      D.     That this Court issue an injunction restraining the further prosecution of any and all suits, actions and proceedings which may have been commenced in any court whatsoever to recover damages for any and all losses or damages occasioned or incurred by or in any way resulting from the incident involving the voyage of the CAPE HATTERAS on or about April 23, 2013, and restraining the commencement or prosecution thereafter of any suit, action or legal proceeding of any

nature or description, except this action against Tiderunner, its agents, servants, or employees, or the CAPE HATTERAS, in respect of any such claims;

    E. That in this proceeding the Court find that Tiderunner is not liable to any extent upon any of the claims made or that may be made as described above, or if Tiderunner is found liable, then that any such liability be limited to the value of its interests in the CAPE HATTERAS immediately after the accident on April 23, 2013, and that a decree be entered discharging Tiderunner and the vessel CAPE HATTERAS of and from any and all further liability; and

    F. That this Court grant Tiderunner such other and further relief as it may deem just and proper in the circumstances.

            **HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN, P.C.**

            By: <u>s/ James W. Johnson (JJ4811)</u>
            James W. Johnson (JJ4811)
            Hollstein Keating Cattell
             Johnson & Goldstein P.C.
            Willow Ridge Executive Office Park
            750 Route 73 South - Suite 202B
            Marlton, NJ 08053
            (856) 810-8860
            FAX: (856) 810-9316
            jjohnson@hollsteinkeating.com

            Attorneys for Plaintiff Tiderunner Marine, Inc.